**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| REYNALDO ROCHA JR., <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC; and ASSET ACCEPTANCE, LLC. <br><br> Defendants | Civil Action No: 5:20-cv-1057 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**NOW COMES,** REYNALDO ROCHA JR. ("Plaintiff"), by and through his attorneys, the SHAWN JAFFER LAW FIRM, PLLC, for his Complaint against Defendants MIDLAND CREDIT MANAGEMENT ("MIDLAND") AND ASSET ACCEPTANCE, LLC ("ASSET"), for violations of 15 U.S.C. § 1692 et seq., of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendants.

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

4. Plaintiff is a natural person residing in Bexar County, Texas.

5. Plaintiff is allegedly obligated to pay a "Consumer Debt" for a personal BestBuy/HSBC credit card debt in the amount of $3,591.81 with an account number ending in 4209.

6. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt.

7. The "Consumer Debt" is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**MIDLAND CREDIT MANAGEMENT**

8. Defendant MIDLAND is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas and can be served with process on Corporation Service Company with the address of 211 E. 7th St. Suite 620 Austin, TX 78701.

9. Defendant MIDLAND is a person who engages in interstate commerce by using the telephone and mails in a business which the principal purpose is the collection of debts.

10. Defendant MIDLAND is a debt collector as defined under 15 USC §1692(a)(6).

**ASSET ACCEPTANCE.**

11. Defendant ASSET is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas and can be served with process on Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

12. Defendant ASSET is a person who engages in interstate commerce by using the telephone and mails in a business which the principal purpose is the collection of debts.

13. Defendant ASSET is a debt collector as defined under 15 USC §1692(a)(6).

## **FACTUAL ALLEGATIONS**

14. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

15. On or about December 30th, 2019, Midland mailed a collection letter to Plaintiff demanding payment on a Consumer Debt. A true and correct copy of the Midland collection letter is attached hereto as **Exhibit "A".**

16. On or about October 9th, 2019, Asset was granted a default judgement by the Justice of the Peace Court Precinct 1 Place 1 in Bexar County, Texas. See **Exhibit "A".**

17. On or about April 28, 2020, Asset Acceptance served a "Notice of Garnishment" on Plaintiff's bank Randolph-Brooks Federal Credit Union and illegally garnished Plaintiff's asset. A true and correct copy of Asset's Notice of Garnishment is attached hereto as **Exhibit "B".**

18. Plaintiff claims that he does not owe a balance to Midland and Asset and that amount demanded is unauthorized by law or agreement and the account at issue should not be reported as a collection account.

19. Plaintiff claims that the balance does not belong to him.

20. Plaintiff is frustrated, mentally anguished, and at his wits end trying to resolve a debt that is not twice to yet Defendants Midland and Asset all continue collections activities and fail to resolve the billing disputes between them.

21. As such, the Plaintiff has suffered mental anguish, humiliation, embarrassment, frustration, an injury to his credit rating, and an informational injury from the Consumer Debt being credit reported on Plaintiff's credit reports.

## FIRST CAUSE OF ACTION
## THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.
## §1692 *et seq.* AS TO DEFENDANT MIDLAND CREDIT MANAGEMENT

22. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

23. Midland's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

24. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

(a) The false representation of the character, amount, or legal status of any debt;

(b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(c) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

**15 U.S.C. §1692e(2),(8) & (10).**

25. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt, including:

(a) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is authorized by the agreement creating the debt or permitted by law.

26. For the aforementioned-reasons, Defendant Midland has violated §1692(e) & 1692(f).

27. For these reasons, the Defendant Midland has violated the FDCPA.

28.     For these reasons, Midland is liable individually and jointly to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 *et seq.* AS TO DEFENDANT ASSET ACCEPTANCE

29.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

30.     Asset's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

31.     Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

> (a) The false representation of the character, amount, or legal status of any debt;
>
> (b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and
>
> (c) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;
>
> **16 U.S.C. §1692e(2),(8) & (10).**

32.     Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt, including:

> (a) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is authorized by the agreement creating the debt or permitted by law.

33.     For the aforementioned-reasons, Defendant Asset has violated §1692(e) & 1692(f).

34.     For these reasons, the Defendant Asset has violated the FDCPA.

35. For these reasons, Asset is liable individually and jointly to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

36. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment from Defendants as follows:

1. Award Plaintiff statutory damages up to $1,000 under the FDCPA from Defendants MIDLAND and ASSET each;
2. Award Plaintiff actual damages under the FDCPA from Defendants MIDLAND and ASSET;
3. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses under the FDCPA;
4. Order MIDLAND and ASSET to remove the account from credit reporting with all consumer credit reporting agencies; and
5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**DATED**: September 4, 2020

Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer* .
**Shawn Jaffer**
Texas Bar No. 24107817
Email: shawn@jaffer.law
13601 Preston Rd E770
Dallas, Texas 75240
T: (214) 494-1871
F: (469) 669-0786
***Attorney for Plaintiff Reynaldo Rocha Jr.***